UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TREVOR CARDEN, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEBT MANAGEMENT PARTNERS, LLC, and ) <br> RMA RECOVERY INC. ) <br> ) <br>       Defendants. ) <br> ) | Civil Action No.: 1:20-cv-679 |

**ANSWER OF DEFENDANT
DEBT MANAGEMENT PARTNERS, LLC**

Defendant Debt Management Partners, LLC ("DMP" or "defendant"), as and for its Answer to Plaintiff Trevor Carden's ("Carden" or "Plaintiff") Complaint and Demand for Jury Trial (the "Complaint"), states upon information and belief as follows:

**NATURE OF THE ACTION**

1.      Defendant states that the allegations in paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

**JURISDICTION AND VENUE**

2.      Defendant states that the allegations in paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

3. Defendant states that the allegations in paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore deny those allegations.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies those allegations.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies those allegations.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies those allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies those allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies those allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies those allegations.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies those allegations.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies those allegations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies those allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies those allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies those allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies those allegations.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Defendant repeats and re-alleges its responses to the allegations referenced in paragraph 24 of the Complaint as if fully set forth herein.

25. Defendant states that the allegations in paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

26. Defendant states that the allegations in paragraph 26 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

27. Defendant states that the allegations in paragraph 27 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

28. Defendant states that the allegations in paragraph 28 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

29. Defendant states that the allegations in paragraph 29 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

## COUNT II
## VIOLATIONS OF THE TEXAS FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant repeats and re-alleges its responses to the allegations referenced in paragraph 31 of the Complaint as if fully set forth herein.

32. Defendant states that the allegations in paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

33. Defendant denies that the allegations in paragraph 33 of the Complaint.

34. Defendant states that the allegations in paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

35. Defendant states that the allegations in paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

**COUNT III – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

37. Defendant repeats and re-alleges its responses to the allegations referenced in paragraph 37 of the Complaint as if fully set forth herein.

38. Defendant states that the allegations in paragraph 38 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

39. Defendant states that the allegations in paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, DMP denies the allegations in that paragraph.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies each and every allegation in the Complaint not hereinbefore admitted, denied or otherwise controverted.

**FIRST AFFIRMATIVE DEFENSE**

43. Plaintiff fails to state a claim against defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are precluded, in whole or in part, to the extent plaintiff's damages, if any, were caused by plaintiff's acts and/or omissions.

**THIRD AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are precluded, in whole or in part, to the extent that plaintiff's damages, if any, were caused by third parties over whom defendants had no control or authority.

### FOURTH AFFIRMATIVE DEFENSE

46. Plaintiff failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred by estoppel, waiver, and/or fraud.

### SIXTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims against defendant are frivolous as a matter of law as defined by FRCP Rule 11, and/or constitute an abuse or process for which defendants seek and are entitled to recover damages, costs, and attorneys' fees, and other such relief as allowed by law.

### SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred by all applicable statutes of limitation, including but not limited to those applicable to FDCPA.

### EIGHTH AFFIRMATIVE DEFENSE

50. Defendant is not a "debt collector" as defined by the FDCPA and/or TCPA. Accordingly, defendant is not a proper party.

### NINTH AFFIRMATIVE DEFENSE

51. In the alternative, if the FDCPA and/or TCPA do apply to defendant and defendant violated the FDCPA (which is denied), then plaintiff did not suffer any actual damages.

### TENTH AFFIRMATIVE DEFENSE

52. In the alternative, to the extent that defendant is a proper party and any violations of state or federal law took place (which is denied), said violations were not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted or adopted to avoid such errors.

### ELEVENTH AFFIRMATIVE DEFENSE

53. Damages incurred by plaintiff, if any, are subject to setoff in the amount of plaintiff's delinquent debt.

### TWELFTH AFFIRMATIVE DEFENSE

54. Plaintiff expressly consented to receive the communications alleged in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. Defendant sold all right, title, and interest to the subject account(s), and therefore is not a proper party to this action, and has no liability to the plaintiff.


Dated: July 6, 2020
      Buffalo, New York

                                    Respectfully submitted,

By:   */s/ David E. Gutowski*
       David E. Gutowski
       Zdarsky, Sawicki & Agostinelli LLP
       1600 Main Place Tower
       350 Main Street
       Buffalo, New York 14202
       Telephone: (716) 855-3200
       Facsimile: (716) 855-3101
       Email: dgutowski@zsa.cc
       *Attorneys for Defendants*
       *Debt Management Partners, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July, 2020, a copy of the foregoing was filed electronically with the CM/ECF. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

By: *David E. Gutowski*_____